Dear Representative Pierre:
Your request for an opinion of the Attorney General on behalf of the Louisiana Association of Educators has been assigned to me for response. Your request concerns the freezing of scheduled state salary step increases for teachers. Specifically, you ask:
 1. Does a local board have the authority to deny a teacher a scheduled step increase as stipulated by LSA-R.S. 17:421.3?
 2. Based upon the fact that the teachers would still receive more than the amount stipulated in the state minimum salary schedule can the board implement a freeze in the local salary steps?
 3. Would the freeze be in violation of LSA-R.S, 17:421.3D. which prohibits the redirecting of local funds used for supplemental teacher salaries?
The statutory provision applicable to your inquiries is LSA-R.S. 17:421.3 That statute sets forth a minimum salary schedule for all teachers employed in public elementary and high schools of this state. The statute then goes on to provide as follows:
 C. At no time after July 1, 1988, shall the salary of teachers covered by the provisions of this Section be less than the salary they received in 1987-1988; however, teachers who are absent for purposes of sick leave who present a medical certificate attesting to such illness, and those teachers on emergency leave, approved by the superintendent, shall receive the salary, provided in the schedule herein, and those teachers on sabbatical leave shall receive the pay based on this schedule as authorized by R.S. 17:1184.
 D. Notwithstanding any other provision of law to the contrary, the funds of any parish of city school board used for supplemental salary to teachers shall continue to be paid to the teacher and shall not be redirected to any other purpose.
 E. (1) On an after August 15, 1993, the amount of the annual salary paid to any teacher in any school year shall not be reduced below the amount of such salary paid during the previous school year, nor shall the amount of the annual salary paid to any teacher be reduced at any time during an academic year.
 (2) The limitations on the reduction in the amount of the annual salary paid to any teacher shall not be applicable to the correction of any accounting errors or to a reduction necessitated by the elimination of a state program or state funding.
 (3) The provisions of this Subsection shall not apply to the reduction of any local salary supplement funded, in whole or in part, from a revenue source requiring voter approval when such voter approval has not been obtained.
With respect to your first question, a local school board does not have the authority to deny a scheduled step increase under LSA-R.S. 17:421.3. The minimum salary schedule set forth in that statute is mandatory and, therefore, local school boards are constrained to follow the schedule.
Your second question asks whether local supplemental salaries, which are over and above the state minimum salary, may be frozen. Under LSA-R.S. 17:81, local school boards have the authority to hire teachers and fix their salaries. This authority is subject to legislation such as LSA-R.S. 17:421.3. LSA-R.S. 17:421.3E.(1) provides that the annual salary paid to any teacher in any school year shall not be reduced
below the amount of such salary paid during the previous school year. Thus, school boards may not reduce the annual salaries of teachers whom they employ. However, this statute does not prohibit local school boards from failing to increase teachers' local supplemental salaries.
Thirdly, you ask whether a freeze in local supplemental salaries would be in violation of LSA-R.S. 17:421.3D. Subsection D. states that funds used by local school boards for supplemental salaries shall continue to be paid to teachers and shall not be redirected for any other purpose. This provision guarantees that funds dedicated to and used for supplemental teacher salaries will continue to be used for that purpose. It does not, however, insure that teachers will receive an annual local step increase. Therefore, it is the opinion of this writer that LSA-R.S.17:421.3D. on its face does not prohibit a local school board from freezing supplemental teacher salaries.
It is the opinion of this office that local school boards may not deny a teacher a scheduled state step increase under LSA-R.S. 17:421.3. Further, as long as the provisions of LSA-R.S.17:421.3E.(1) are followed, a local school board may freeze supplemental teacher salaries without violating Subsection D. of that same statute.
I hope that this sufficiently answers your questions. If you require any further information, please feel free to contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ GINA M. PULEIO Assistant Attorney General